IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

QUARTEZ THOMAS, *

Plaintiff, *

vs. *

LIEUTENANT TOELLE, *et al.*, * CASE NO. 4:25-cv-49-CDL-AGH

Defendants. *

*

O R D E R

The United States Magistrate Judge filed a Report and Recommendation on August 21, 2026, recommending that Plaintiff's motion to amend be granted in part and denied in part and that Defendants' motion for summary judgment be denied as to Plaintiff's excessive force claims but granted as to Plaintiff's failure to intervene claim against Defendant Toelle. Defendants filed an objection to the recommendation, arguing that Defendants are entitled to summary judgment on Plaintiff's excessive force claims. After conducting a *de novo* review of the record, the Court adopts in part and rejects in part the Magistrate Judge's Report and Recommendation. Specifically, the Court adopts the part of the Magistrate Judge's Report and Recommendation that grants in part and denies in part Plaintiff's motion to amend. The Court

makes that part of the Magistrate's recommendation the order of the Court.

Additionally, for the reasons stated in the Magistrate Judge's recommendation, summary judgment is granted to Defendant Toelle on Plaintiff's failure to intervene claim, and summary judgment is denied to Defendants Ireland, Payne, and Wright on Plaintiff's excessive force claims.[1]

Lastly, the Court declines to adopt the Magistrate Judge's recommendation as to Plaintiff's excessive force claim against Defendant Toelle. Plaintiff's complaint does not allege an excessive force claim against Toelle. And "a plaintiff cannot amend his complaint through argument made in his brief in opposition to the defendant's motion for summary judgment." *Miccosukee Tribe of Indians of Fla. v. United States*, 716 F.3d 535, 559 (11th Cir. 2013). Nor can the Court "amend[] a plaintiff's claim." *Id.* Thus, to the extent that Plaintiff

---

[1] To amplify the Magistrate Judge's rationale and to the extent necessary to clarify the Court's adoption of the Magistrate Judge's recommendation, the Court finds that at the time of the incident in question Eleventh Circuit precedent was "clearly established that 'an arresting officer may not use gratuitous force on a non-resisting suspect who no longer poses a threat to his safety.'" *Roe v. Fryer*, No. 24-13588, 2025 WL 2327758, at *8 (11th Cir. Aug. 13, 2025)(per curiam)(quoting *Acosta v. Miami-Dade Cnty.*, 97 F.4th 1233, 1241-1242 (11th Cir. 2024)). Accepting Plaintiff's version of the incident, as the Court must at summary judgment, the Court further finds that genuine factual disputes exist as to whether Defendants Ireland, Payne, and Wright used such gratuitous force after Plaintiff was no longer resisting and was no longer a threat. Accordingly, these Defendants are not entitled to summary judgment on their qualified immunity defenses, and thus those motions must be denied as recommended by the Magistrate Judge.

attempts to assert an excessive force claim against Defendant Toelle, this claim is dismissed.

IT IS SO ORDERED, this 30th day of September, 2026.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA